*December*, 1823.

## Rapier, Administrator of Mays, *against* Holland and Bruce.

In an action on a Note payable to administrator, Debt from his intestate to maker cannot be set off.

*RAPIER*, as administrator of *Mays*, brought an action of Debt in the Circuit Court of *Lauderdale* County, against *Holland* and *Bruce*, on their Bill single, payable to him as administrator. Defendants pleaded, first, payment to plaintiff: to which there was a replication and issue. Secondly, that *Mays*, at the time of his death, was indebted to *Holland*, the principal in the Bill single, in a larger amount than the sum claimed in the declaration, for work done, materials, &c. &c. Replication : that the estate of *Mays*, at the time of commencing the suit, had been declared insolvent, and commissioners appointed to audit the claims against it, &c. Special demurrer to this replication and joinder. The Circuit Court sustained the demurrer. Rapier prosecuted a writ of Error to this Court, and assigned this matter as Error.

Chief Justice *Lipscomb* delivered the opinion of the Court. If we were to admit that the special replication of the

plaintiff was bad, we should be bound to look back to the first Error of the party demurring : there can be no doubt but that the defendants' plea of set-off was bad, and would have been so held on general demurrer.  In an action on a promise made to an administrator, a debt due from his intestate cannot be set off : the demands are in different rights : to set off the last against the first might do injustice to the rights of other creditors, and with our Statutes as to insolvent estates, &c.(a) would tend to involve estates in endless confusion.

*December, 1823.*

*Rapier, Admr. of Mays v. Holland and Bruce.*

(a) *See Laws Ala. p. 329.*

Judgment reversed and cause remanded.

*Coalter*, for plaintiff in Error.

*Martin*, for defendant in Error.